IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IGNATIUS OSUIGWE, Individually and as Administrator of the Estate of Prisca C. Osuigwe, <br><br> Plaintiff, <br><br> v. <br><br> AIG LIFE INSURANCE COMPANY and JOSEPH COOMER, <br><br> Defendants. | Case No. 3:09-cv-00493 <br> Judge Nixon <br> Magistrate Judge Bryant |

## ORDER

Pending before the Court is Plaintiff Ignatius Osuigwe's Motion for Remand ("Plaintiff's Motion") (Doc. No. 28), to which Defendants AIG Life Insurance Company and Joseph Coomer filed a Response (Doc. No. 41). Defendants also filed a Motion to Dismiss ("Defendants' Motion") (Doc. No. 39) with a supporting Memorandum (Doc. No. 40). Plaintiff filed a Response to Defendants' Motion (Doc. No. 42), and Defendants filed a Reply (Doc. No. 43). Also pending is Plaintiff's Motion to Ascertain Status (Doc. No. 47), which is **GRANTED**. For the following reasons, Plaintiff's Motion is **GRANTED** and Defendants' Motion is **TERMINATED as moot**.

I. BACKGROUND[1]

Plaintiff's wife, Prisca Osuigwe, obtained a life insurance policy ("Policy") through an entity known as the IGBO Group. Plaintiff claims that the IGBO Group is a social organization

---
[1] All facts are taken from Plaintiff's Complaint (Doc. No. 1-1) unless otherwise noted.

consisting of native Nigerians who reside in the Middle Tennessee area. Plaintiff asserts that the Policy was issued through AIG's local agent, Joseph Coomer, and further asserts that the Policy was valid and in effect as of March 31, 2008, the day Mrs. Osuigwe died while visiting her native country of Nigeria. Plaintiff filed a claim form ("Claim") to recover death benefits under the Policy. Defendant denied Plaintiff's Claim based on: (1) the alleged failure to provide proof of full-time employment; (2) the alleged failure to provide an original certified death certificate; and (3) the alleged termination of coverage effective prior to the alleged death of Mrs. Osuigwe. (Doc. No. 12-1 ¶ 8.) Plaintiff claims that the Defendants have wrongfully denied payment of benefits under the Policy.

Plaintiff filed suit in the Circuit Court for Rutherford County, Tennessee on April 14, 2009, asserting entitlement to judgment for benefits from the Policy plus accrued interest and a statutory penalty under Tenn. Code Ann. § 56-7-105 for bad faith denial of his Claim. (Doc. No. 1-1.) Alternatively, Plaintiff seeks judgment against Mr. Coomer for improper handling of the Policy and Plaintiff's Claim. (*Id.*) Plaintiff further requests assessment of all discretionary and court costs to the Defendant. (*Id.*)

On May 29, 2009, Defendants removed the action to this Court, asserting that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, applies to the Policy and completely preempts Plaintiff's state claims, thereby creating federal jurisdiction over the claims. (Doc. No. 1.) On October 20, 2009, Plaintiff moved to remand the case to state court, arguing that ERISA does not apply to the Policy because the Policy cannot be characterized as an "employee benefit plan." (Doc. No. 28.) Plaintiff asserts that, therefore, ERISA does not preempt his state claims, and this Court therefore lacks subject matter jurisdiction. (*Id.*)

2

Defendants filed an initial Motion to Dismiss on June 26, 2009, which claimed that the Policy was governed by ERISA and Plaintiff's only recourse was to file claims under ERISA. (Doc. No. 13.) Defendants asserted that Plaintiff's failure to plead a claim under ERISA should result in dismissal of the claims. (*Id.*) Magistrate Judge Griffin issued an order on July 22, 2009, explaining that Defendants agreed to withdraw their initial Motion to Dismiss without prejudice to renew the motion in order for the parties to conduct discovery on the issue of whether or not ERISA governs the policy. (Doc. No. 21.)

Following discovery, Defendants filed a second Motion to Dismiss on November 12, 2009, and asserted the same claims as in the first motion: (1) Plaintiff's claims for breach of contract, bad faith denial of insurance claims, and negligence directly relate to an "employee benefit plan," which is governed by ERISA; (2) Plaintiff's sole remedy, if any, arises under ERISA; (3) any state law claims are preempted by ERISA; and (4) the Plaintiff has failed to plead an action under ERISA. Therefore, Defendants argue, the Plaintiff's claims should be dismissed. (Doc. No. 39.)

## II. PLAINTIFF'S MOTION TO REMAND

### A. Legal Standard

A case must be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A defendant seeking to remove a case to federal court bears the burden of proving that jurisdiction is proper, and all doubts as to the propriety of removal are to be resolved in favor of remand. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

*B. Analysis*

Defendants assert that federal subject matter jurisdiction for this case is based upon the existence of a federal question because ERISA governs the Policy. (Doc. No. 1.) Defendants argue that ERISA completely preempts Plaintiff's state law claims, and therefore this Court has federal question jurisdiction. (*Id.*) Defendants assert that an employee-employer relationship existed between the IGBO Group and Mrs. Osuigwe. (Doc. No. 41 at 6.) Defendants further assert that the Policy can be characterized as an "employee welfare benefits plan," which Defendants argue is exclusively governed by ERISA. (Doc. No. 1 at 2.) Furthermore, Defendants contend that ERISA contains a broad preemption provision that encompasses Plaintiff's state law claims and completely preempts those claims. (*Id.*)

Generally, in order for a district court to have subject matter jurisdiction over an action based on a federal question, the federal question must arise out of the well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). An exception to this general rule exists when a plaintiff's claims are completely preempted by a federal statute. *Id.* If a federal statute completely preempts the state claims, then the federal statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar v. Williams*, 482 U.S. 386, 393 (1987) (citing *Metro. Life Ins. Co.*, 481 U.S. at 65).

ERISA contains a preemption provision that preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" as defined by ERISA. 29 U.S.C. § 1144(a). However, ERISA preemption under § 1144 does not automatically convert a state claim into a claim arising under federal law that can be properly removed to federal court. *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (citing *Metro Life Ins. Co.*, 481 U.S.

at 66). In *Taylor*, the Supreme Court ruled that the preemption exception "is narrowly limited in the ERISA context to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B)." *Id.* (citing *Metro Life Ins. Co.*, 481 U.S. at 66). In discussing the Supreme Court's decision in *Taylor*, the Sixth Circuit noted that removal and preemption are two distinct concepts. *Id.* at 535. The Sixth Circuit explained:

> The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted – for example, under § 1144(a) – does not establish that they are removable to federal court. The federal preemption defense in such nonremovable cases would be decided in state court and would be subject to review on certiorari in the U.S. Supreme Court. Removal jurisdiction based on original federal jurisdiction under § 1441 is therefore not as broad as federal appellate jurisdiction which extends to federal defenses.

*Id.* (internal citations omitted). Ultimately, state causes of action that are not covered by § 1132(a)(1)(B) may be subject to a preemption claim, but such actions are not subject to removal. *Id.*

Section 1132(a)(1)(B) of ERISA provides a civil cause of action by a participant or beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Although Plaintiff's Complaint alleges bad faith denial of his claim and improper handling of the Policy, it asserts, in no uncertain terms, "an entitlement to judgment for the policy benefits of $50,000.00." (Doc. No. 1-1 at 6.) In some cases, the Sixth Circuit has found that § 1132(a)(1)(B) does not cover a claim when the plaintiff's right to recover benefits was incidental to the actual cause of action. *E.g. Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001) (holding that ERISA did not preempt a claim because the right to recover benefits under a life insurance policy was merely part of the damages sought for wrongful termination of employment due to sex discrimination and retaliation). However, the Sixth Circuit has declined

5

to extend that reasoning where a claim is, "in essence," for the recovery of an ERISA plan benefit. *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 988-89 (6th Cir. 2009) (holding that ERISA preempted a claim asserting that the plaintiff was unlawfully denied full participation in a benefit plan); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) (holding that ERISA preempted a claim asserting that the plaintiff's employer improperly breached a promise to continue his participation in its retirement plan). Following these precedents, if the Policy is an "employment benefit plan" under § 1144(a), Plaintiff's claim would be preempted by § 1132(a)(1)(B) and removal would have been proper.

Pursuant to 29 U.S.C. § 1002, ERISA applies to "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization." The parties dispute whether the IGBO Group was an employer and, therefore, whether ERISA applies to the Policy. An "employer" is defined by ERISA as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). The definition of "person" includes an "unincorporated organization" and "association," *id.* § 1002(9), both of which could encompass the IGBO Group. Further, an "employer" must be "engaged in commerce or in any industry or activity affecting commerce." *Id.* § 1003(a)(1). There is little guidance as to the definition of an "employer" for ERISA purposes outside of these definitions.

As evidence that the IGBO Group was Mrs. Osuigwe's employer, Defendants present the IGBO's Group's application for the Policy ("Application") and Plaintiff's Claim for benefits. The Application is entitled "Master Application for Employee," includes a statement that the IGBO Group has 115 full-time employees, states that the nature of the IGBO Group's business is

"Home Health Care – Caregivers for Handicapped," and indicates that the "employer" would pay 100 percent of the coverage. (Doc. No. 41.) Geoffrey Nwankwo, the president of the IGBO Group, signed the Application (*id.*), but later testified in a deposition that the handwriting on the Application other than his signature was not his (Doc. No. 41-1 at 4). Mr. Nwankwo also testified that the IGBO Group had no employees. (*Id.* at 2.)

The Claim states that the IGBO Group was Mrs. Osuigwe's employer, that she was employed full-time for four years, and that she worked an average of forty hours per week. (Doc. No. 12-4 at 6.) The Claim also states that Mrs. Osuigwe had weekly earnings of $200.00, and that her job title was "caregiver." (*Id.*) Defendants claim that Plaintiff signed the Claim, but Plaintiff denied in a deposition that the signature or any of the other writing on the Claim is his. (Doc. No. 50-1 at 4-5.) Plaintiff further testified that the relevant information on the Claim was incorrect. (*Id.* at 6.)

Plaintiff offers what he claims to be the "Constitution" of the IGBO Group, which the Court finds to be persuasive evidence against a finding at this stage that the organization is an employer and "engaged in commerce" as required under § 1003(a)(1). The Constitution states that the IGBO Group is a "non-profit and non political association" and that its purposes are:

1. To clearly protect, polish and foster the Identity of the Igbos.
2. To promote unity among its members and to assist them in times of need.
3. To encourage members to participate in economic, social and cultural activities aimed at bringing about positive changes adequately responsive to the needs of the Igbo people in general.
4. To assist Igbos to obtain employment in the United States and abroad.
5. To promote and participate in some activities that will benefit the Nashville community.

(Doc. No. 32-1 at 2-3.) The Constitution describes "membership" in the group and discusses dues for membership. (*Id.* at 4.)

All doubts as to the propriety of removal are to be resolved in favor of remand. *Alexander*, 13 F.3d at 948-49. Although the Application and the Policy itself relate to an employee life insurance policy on their face, the ultimate issue is whether the IGBO Group was, in fact, Ms. Osuigwe's employer. Other than the Constitution, there is no evidence of the day-to-day operations of the IGBO Group or whether it is "engaged in commerce or any industry affecting commerce" under § 1103(a)(1). Further, there is no evidence of normal employment activity, such as payment or tax records. Defendants' argument that Mr. Nwankwo signed an application representing the IGBO Group as an employer, and that the representation is therefore binding on the IGBO Group, goes to the heart of Plaintiff's claim that the Policy was issued negligently or fraudulently and that he should not be penalized by denial of his benefits.

There is also a dispute as to the information contained on the Claim, which is the only evidence of an employer-employee relationship specifically between the IGBO Group and Mrs. Osuigwe. Essentially, all of the evidence that Defendant offers of the IGBO Group's employer status is disputed by the sworn testimony of the individuals involved. The validity of the documents in question and the veracity of the information contained therein may ultimately affect the outcome of this case; the Court is reluctant, therefore, to make such determinations. In the absence of more conclusive evidence about the actual employer status of the IGBO Group and its alleged employment relationship with Mrs. Osuigwe, outside of the documents that are central to the dispute, the Court finds that there is substantial doubt as to whether ERISA preempts Plaintiff's state law claims. Accordingly, the Court must resolve this doubt in favor of remand.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion is **GRANTED** and Defendants' Motion is **TERMINATED as moot**. The Court **REMANDS** this action to state court for further proceedings.

It is so ORDERED.

Entered this 2nd day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT